**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT WINCHESTER**

| | | |
|---|---|---|
| DAVID EUGENE JOHNSON,<br><br>*Petitioner*,<br><br>v.<br><br>TULL MALONE,<br><br>*Respondent*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-cv-31<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Michael J. Dumitru |

---

**MEMORANDUM OPINION**

---

Petitioner, an inmate in the Lincoln County Jail, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 alleging that his current detention is unconstitutional because he was arrested and confined without probable cause and on the basis of fraud, and because his counsel has been ineffective (Doc. 1). Petitioner paid the filing fee. It is apparent from the face of the petition that Petitioner is not entitled to habeas corpus relief and has not exhausted his state court remedies for the claims he seeks to bring herein. Accordingly, this action will be **DISMISSED**.

## I. LEGAL STANDARD

A court may grant a writ of habeas corpus only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts must conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243. This review requires the court to dismiss the petition without a response "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rules Governing § 2254 Cases, R. 4.

Before a federal court may grant habeas corpus relief, the petitioner must have exhausted the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Collins v. Million*, 121 F. App'x 628, 630 (6th Cir. 2005) (finding that regardless of whether a petition is brought under § 2254 or § 2241, a petitioner "is required first to exhaust his state court remedies"). A district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that a petitioner has not presented a habeas corpus claim to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Shah v. Quintana,* No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017) (providing that "a sua sponte dismissal [of a § 2241 petition] . . . may be appropriate where a petitioner's failure to exhaust is apparent from the face of the pleading itself"). In Tennessee, presentation of a claim to the Tennessee Court of Criminal Appeals ("TCCA") satisfies the requirement of presentation of the claim to all court levels. Tenn. S. Ct. R. 39.

Also, while federal courts have "jurisdiction . . . to consider pretrial habeas corpus petitions, they should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). In fact, the instances permitting a pretrial detainee to challenge his prosecution prior to judgment are "rare" and "such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014).

The Supreme Court has held that a federal court must refrain from interfering in a state criminal case where (1) the state proceeding is ongoing; (2) an important state interest is involved; and (3) the party has an adequate opportunity to raise constitutional challenges in the state proceeding. *Younger v. Harris*, 401 U.S. 37, 43–45, 53–54 (1971). As such, the Sixth


Case 4:26-cv-00031-TRM-MJD Document 9 Filed 09/24/26 Page 2 of 5 PageID #: 54

Circuit has found that a federal court may rule on the merits of pretrial habeas corpus petitions only where (1) the petitioner sought a speedy trial and exhausted his state court remedies, (2) the petitioner sought to avoid a second trial due to double jeopardy concerns, and (3) the petitioner faced prejudice from prior ineffective assistance of counsel and due process violations on retrial. *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020) (citations omitted).

## II. ANALYSIS

First, the relief that Petitioner seeks in his petition is dismissal of the charges against him and release from his confinement [*Id.* at 8]. However, "pretrial habeas petitions generally cannot dismiss an indictment or prevent a prosecution . . . ." *Cox v. Bonner*, No. 2:23-CV-02497-JPM-TMP, 2024 WL 3402532, at *3 (W.D. Tenn. July 12, 2024) (quoting *Switek v. Michigan*, 587 F. Supp. 3d 622, 625 (E.D. Mich. Nov. 2, 2021)).

The Court additionally notes that Petitioner's claims for ineffective assistance of counsel are premature, as the correct time for Petitioner to raise them in a federal habeas corpus action is after any conviction and his exhaustion of those claims with the TCCA. *Houston v. Helton*, No. 1:23-CV-00021, 2023 WL 3829400, at *3 (M.D. Tenn. June 5, 2023) (finding ineffective assistance of counsel claims in a § 2241 petition premature) (citing *Labadie v. Bitner*, No. 2:18-cv-41, 2018 WL 4090557, at *2 (W.D. Mich. Aug. 28, 2018) (same)).

Moreover, nothing in the petition suggests that Petitioner has an extraordinary claim that warrants federal intervention into his ongoing criminal state court proceedings. To the contrary, it appears that Petitioner may raise the substantive claims regarding probable cause and fraud he seeks to bring herein as part of his defense to the charge(s) against him.

It is also apparent from the face of the petition that Petitioner has not exhausted his claims with the TCCA, as he states in his petition that he has only sought relief for his claims from the Lincoln County Circuit Court (Doc. 1, at 2). Petitioner asserts in his petition that he cannot exhaust any claims with the state court because the trial court keeps rescheduling hearings on its docket (*Id.* at 18). But to the extent that Petitioner asserts that he has been subjected to inordinate delay that excuses his failure to exhaust his state court remedies, this assertion is unpersuasive. Specifically, it is apparent from the docket sheet Petitioner filed with his petition that the charges against him were pending for less than seven months when Petitioner filed this action (*Id.* at 9, 29). It is also apparent from the docket sheet that, during the time the criminal case against Petitioner has been pending, the trial court has held hearings and entered orders on motions, including appearing to grant Petitioner a continuance he requested (*Id.*). While the trial court has also rescheduled various hearings, nothing in Petitioner's filings plausibly alleges that this amounts to inordinate delay that renders the trial court incapable of addressing his federal claims. *Johnson v. Bauman*, 27 F.4th 384, 391–94 (6th Cir. 2022) (noting that "inordinate delay" in adjudication of a criminal proceeding will excuse a petitioner's failure to exhaust his state court remedies prior to bringing a federal habeas corpus action only where "exceptional circumstances beyond the petitioner's control either (1) render the state court process incapable of vindicating federal interests or (2) functionally foreclose state court review" and requiring something "more than mere delay" and "that the delay [is] attributable to the state") (citations omitted).

For all these reasons, the petition will be **DISMISSED**.



Case 4:26-cv-00031-TRM-MJD Document 9 Filed 09/24/26 Page 4 of 5 PageID #: 56

## III. CERTIFICATE OF APPEALABILITY

The Court now considers whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not debate the Court's determination that Petitioner did not exhaust his available state court remedies for his claims, does not seek relief available through a habeas corpus petition, and has not presented an extraordinary claim warranting federal court intervention in his state criminal proceedings, a COA will not issue.

## IV. CONCLUSION

For the reasons set forth above:

1. The petition for habeas corpus relief [Doc. 1] will be **DISMISSED without prejudice**;

2. A COA will not issue; and

3. The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be frivolous. Fed. R. App. P. 24.

**SO ORDERED.**

***/s/ Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**